UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. PIMENTEL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-1818-EFB<br><br><br><br>ORDER |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $22,133.50, which is a little more than 17 percent of past benefits due to plaintiff. ECF No. 22. Plaintiff entered into a retainer agreement with her attorney which provides that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 26-1. Counsel spent 23.3 professional hours on plaintiff's case. ECF No. 22-5.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

/////

1

| | |
|---|---|
| 1 | Rather than being paid by the government, fees under the Social Security Act are awarded out of |
| 2 | the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), |
| 3 | *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). |
| 4 | However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also |
| 5 | must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 |
| 6 | (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory |
| 7 | ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those |
| 8 | agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must |
| 9 | show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may |
| 10 | properly reduce the fee for substandard performance, delay, or benefits that are not in proportion |
| 11 | to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en |
| 12 | banc). |
| 13 | After this court remanded for further proceedings, plaintiff was found disabled and |
| 14 | awarded past-due benefits in the amount of $128,534.00. ECF No. 22-2. The Commissioner |
| 15 | withheld 25 percent of past-due benefits for any approved attorney's fees. *Id*. Plaintiff's |
| 16 | counsel's request for $22,133.50, which is well under the statutory maximum, would constitute an |
| 17 | hourly rate of $949.94. Counsel did not delay these procedures and his representation of plaintiff |
| 18 | was not substandard. Indeed, he successfully represented his client's interests before this court. |
| 19 | Although the hourly rate exceeds the rate awarded in the majority of social security cases, based |
| 20 | on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social |
| 21 | Security law, and the results achieved in this case, the court finds that fee request is reasonable. |
| 22 | *See Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) |
| 23 | (finding fee at effective hourly rate of $1,169.49 reasonable); *Smith v. Astrue*, No. CIV S-06-2373 |
| 24 | DAD, 2011WL 5024462, at *2 (E.D. Cal. Oct. 20, 2011) (awarding fee at effective hourly rate of |
| 25 | $1,015); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, |
| 26 | 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 |
| 27 | (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed |
| 28 | well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100). |

Counsel concedes that the $22,133.50 award should be offset in the amount of $4,500.00 for fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 22 at 12. Counsel provides that upon receipt of a fee award in the amount of $22,133.50, he will refund the plaintiff the sum of $4,500.00 previously awarded under the EAJA. *Id*. at 8. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 22) is granted;

2. Plaintiff's counsel is awarded $22,133.50 in fees pursuant to 42 U.S.C. § 406(b)[1]; and

3. Upon receipt of the $22,133.50 award, counsel shall refund to plaintiff the sum of $4,500.00 previously awarded under the EAJA.

DATED: March 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner contends that plaintiff's counsel was previously awarded attorney's fees under 42 U.S.C. § 406(a) for work performed at the administrative level, with that award paid from the 25 percent of past-due benefits withheld by the Commissioner. ECF No. 24 at 2. To the extent the remaining withheld benefits are insufficient to cover the award under § 406(b), plaintiff's counsel must recover the difference from plaintiff. *Dobson v. Commissioner*, No. 2:09-cv-01460-KJN 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013).

3